COVINGTON & BURLING LLP
ALI MOJIBI (SBN 265332)
amojibi@cov.com
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
Telephone: (424) 332-4803
Facsimile: (424) 332-4749

JEFFREY B. ELIKAN (DC Bar #465730)
jelikan@cov.com
JEFFREY H. LERNER (DC Bar #493671)
jlerner@cov.com
ELAINE H. NGUYEN (DC Bar #1780756)
enguyen@cov.com
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Telephone: (202) 662-6000
Facsimile: (202) 662-6291

*Counsel for Plaintiffs Indivior Inc. and
Indivior UK Limited*

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **INDIVIOR INC.** and **INDIVIOR UK LIMITED**, <br><br> Plaintiffs, <br><br> v. <br><br> **SPARSHA PHARMA USA, INC.**, <br><br> Defendant. | Case No. **'26 CV2633 BJC DEB** <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** |

**NATURE OF THE ACTION**

1.      This is an action for patent infringement arising under the Food and Drug Laws and Patent Laws of the United States, Titles 21 and 35 of the United States Code, respectively, arising from Sparsha's Abbreviated New Drug Application ("ANDA") to the Food and Drug Administration ("FDA") seeking approval to manufacture, use, and sell a generic version of Plaintiffs' Suboxone® sublingual film prior to the expiration of U.S. Patent Nos. 9,687,454 ("the '454 patent") and 11,135,216 ("the '216 patent") (collectively, the "patents-in-suit").

**PARTIES**

2.      Plaintiff Indivior Inc. ("Indivior") is a Delaware corporation having a principal place of business at 10710 Midlothian Turnpike, Suite 430, North Chesterfield, VA 23235.

3.      Plaintiff Indivior UK Limited ("Indivior UK") (together with Indivior, "Plaintiffs") is a United Kingdom corporation having a principal place of business at 103-105 Bath Road, Slough, UK.

4.      On information and belief, Sparsha Pharma USA, Inc. ("Sparsha" or "Defendant") is a California corporation having a principal place of business at 3919 Oceanic Drive, Oceanside, CA 92056.

**JURISDICTION AND VENUE**

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

6.      On information and belief, Sparsha is in the business of, *inter alia*, developing, manufacturing, obtaining regulatory approval, marketing, selling, and distributing generic copies of branded pharmaceutical products in California and throughout the United States.

7.      On information and belief, Sparsha resides in and has a regular and established place of business in this District.

8.      This Court has personal jurisdiction over Sparsha because of, *inter alia*, Sparsha's incorporation in California; Sparsha's place of business in California; Sparsha's continuous and systematic contacts with corporate entities within this Judicial District; Sparsha's purposeful availment of the benefits and protections of the laws of California; and Sparsha's marketing and sales activities in this Judicial District, including, but not limited to, the substantial, continuous, and systematic distribution, marketing, and/or sales of generic pharmaceutical products to residents of this Judicial District.

2

COMPLAINT FOR PATENT INFRINGEMENT

9.    Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400.

### THE PATENTS-IN-SUIT

10.    Plaintiff Indivior UK is the lawful owner of the '454 patent, and Plaintiff Indivior is an exclusive licensee of the '454 patent. The '454 patent, entitled "Sublingual and Buccal Film Compositions," was duly and legally issued on June 27, 2017, naming Garry L. Myers, Samuel D. Hilbert, Bill J. Boone, Beuford Arlie Bogue, Pradeep Sanghvi, and Madhusudan Hariharan as inventors. A true copy of the '454 patent is attached hereto as Exhibit A.

11.    Plaintiff Indivior UK is the lawful owner of the '216 patent, and Plaintiff Indivior is an exclusive licensee of the '216 patent and holds exclusionary rights to market and sell Suboxone® sublingual film in the United States. The '216 patent, entitled "Sublingual and Buccal Film Compositions," was duly and legally issued on October 5, 2021, naming Garry L. Myers, Samuel D. Hilbert, Bill J. Boone, Beuford Arlie Bogue, Pradeep Sanghvi, and Madhusudan Hariharan as inventors. A true copy of the '216 patent is attached hereto as Exhibit B.

### SUBOXONE® SUBLINGUAL FILM

12.    Plaintiff Indivior is the holder of New Drug Application ("NDA") No. 22-410 for Suboxone® (buprenorphine hydrochloride and naloxone hydrochloride) sublingual film.

13.    On August 30, 2010, the FDA approved NDA No. 22-410 for the manufacture, marketing, and sale of Suboxone® sublingual film for the treatment of opioid dependence. Plaintiff Indivior has sold Suboxone® sublingual film under NDA No. 22-410 since its approval.

14.    The patents-in-suit are listed in FDA's *Approved Drug Products with Therapeutic Equivalence Evaluations* (the "Orange Book") as covering Suboxone® sublingual film.

### THE DRUG APPROVAL PROCESS

15.    In 1984, Congress enacted the Drug Price Competition and Patent Term Restoration Act, commonly known as the "Hatch-Waxman Act" and codified at 21 U.S.C. § 355. The Hatch-Waxman Act was intended to balance two important public policy goals. First, Congress wanted to ensure that innovator drug manufacturers would have meaningful patent protection and a period of marketing exclusivity to enable them to recoup their investments in the development of valuable new drugs. Second, Congress

COMPLAINT FOR PATENT INFRINGEMENT

sought to ensure that, once the patent protection and marketing exclusivity for these drugs expire, consumers would benefit from the availability of lower priced generic versions of approved drugs.

16. Under 21 U.S.C. § 355(b)(1), the innovator drug manufacturer and NDA applicant is required to submit extensive testing and safety information concerning the drug. In addition, the NDA applicant must submit information on "any patent which claims the drug for which the applicant submitted the application or which claims a method of using such drug and with respect to which a claim of patent infringement could reasonably be asserted." Once the NDA is approved, the FDA lists this patent information in its *Approved Drug Products with Therapeutic Equivalence Evaluations*, commonly known as the "Orange Book."

17. In contrast, the Hatch-Waxman Act allows ANDA applicants to obtain FDA approval for generic versions of previously approved drugs without having to repeat the extensive testing required for an NDA. Under 21 U.S.C. § 355(j), ANDAs can rely on FDA's previous findings of safety and efficacy for an approved drug product, if they demonstrate, among other things, that the generic drug is bioequivalent to the previously approved drug.

18. When a generic manufacturer submits an ANDA, the FDA conducts a preliminary review of the application to ensure it is sufficiently complete to permit a substantive review. *See* 21 C.F.R. § 314.101(b)(1). "Receipt of an [ANDA] means that FDA has made a threshold determination that the abbreviated application is sufficiently complete to permit a substantive review." *Id.*

19. Under 21 U.S.C. § 355(j)(2)(A)(vii), the ANDA must also include one of the following four certifications with respect to each of the patents listed in the Orange Book for the previously-approved drug product: (i) the patent information has not been filed ("Paragraph I" certifications); (ii) the patent has expired ("Paragraph II" certifications); (iii) the patent will expire on a specific date ("Paragraph III" certifications); or (iv) the "patent is invalid or will not be infringed by the manufacture, use, or sale of the new drug for which the application is submitted" ("Paragraph IV" certifications).

20. Paragraph IV certifications can allow generic manufacturers to obtain FDA approval before expiration of the patents listed in the Orange Book.

21. If the ANDA includes a Paragraph IV certification, the Hatch-Waxman Act requires the ANDA applicant to give notice ("notice of Paragraph IV certification") to the patent owner of the factual

4

COMPLAINT FOR PATENT INFRINGEMENT

and legal basis for the applicant's opinion that patents listed in the Orange Book are invalid or will not be infringed, "not later than 20 days after the date of the postmark on the notice with which the [FDA] informs the applicant that the application has been filed." 21 U.S.C. § 355(j)(2)(B).

22. The patent owner can file an infringement action within 45 days of receiving the notice of Paragraph IV certification. Such a filing by the patent owner triggers a 30-month injunction or stay of the FDA approval, beginning on the date of receipt of the notice. *See* 21 U.S.C. § 355(j)(5)(B)(iii). This 30-month period is intended to allow time for judicial resolution on the merits of any patent infringement, validity, and/or enforceability claims, before the competitor is allowed entry into the market.

23. Federal regulations also govern the timing of the notice of Paragraph IV certification by directing the generic manufacturer to send such notice "when it receives from FDA an acknowledgment letter stating that its [ANDA] is sufficiently complete to permit a substantive review." 21 C.F.R. § 314.95(b).

## DEFENDANT'S ANDA

24. Plaintiffs received a letter from Sparsha dated March 12, 2026 (the "Notification Letter"), stating that ANDA No. 220812 contains a certification pursuant to 21 U.S.C. § 355(j)(2)(B)(vii)(IV) (a "Paragraph IV certification") alleging, *inter alia*, that the '454 and '216 patents are invalid, unenforceable, and/or will not be infringed by the manufacture, use, or sale of the generic product proposed in the ANDA.

25. The Notification Letter further states that Sparsha submitted ANDA No. 220812 to the FDA under 21 U.S.C. § 355(j), seeking approval to engage in the commercial manufacture, use, and/or sale of buprenorphine hydrochloride and naloxone hydrochloride sublingual film ("Sparsha's generic product") before expiration of the patents-in-suit. On information and belief, ANDA No. 220812 refers to and relies on Plaintiff Indivior's NDA for Suboxone® sublingual film and purports to contain data showing bioequivalence of Sparsha's generic product with Suboxone® sublingual film.

26. The Notification Letter included an Offer of Confidential Access ("OCA") under 21 U.S.C. § 355(j)(5)(C)(i)(III), and the parties negotiated the terms of access. Under the terms of the negotiated OCA, Sparsha provided Plaintiffs with portions of ANDA No. 220812. Based on Plaintiffs' review of the ANDA excerpts, Sparsha infringes at least one claim of each of the patents-in-suit. However, the terms of

5

COMPLAINT FOR PATENT INFRINGEMENT

the negotiated OCA prevent Plaintiffs from disclosing confidential information concerning Sparsha's generic product.

27.    On information and belief, Sparsha will benefit, in a significant manner, from FDA's approval of ANDA No. 220812, and will engage and/or be involved in the commercial manufacture, use, or sale of Sparsha's generic product.

28.    Plaintiffs commenced this action within 45 days of receiving the Notification Letter.

## LEGAL CLAIMS

## COUNT I

### Infringement of the '454 Patent Under 35 U.S.C. § 271(e)(2)

29.    Plaintiffs incorporate by reference all foregoing paragraphs as though fully set forth herein.

30.    On information and belief, Sparsha has submitted or caused the submission of the Sparsha ANDA to FDA and continues to seek FDA approval of the Sparsha ANDA.

31.    Plaintiffs own all rights, title, and interest in and to the '454 patent.

32.    On information and belief, Sparsha's generic product is covered by one or more claims of the '454 patent, including, but not limited to, claim 6.

33.    By filing ANDA No. 220812 under 21 U.S.C. § 355(j) for the purposes of obtaining approval to engage in the commercial manufacture, use, sale, and/or importation of Sparsha's generic product prior to the expiration of the '454 patent, Sparsha has committed an act of infringement of at least claim 6 of the '454 patent under 35 U.S.C. § 271(e)(2).

34.    On information and belief, the importation, manufacture, sale, offer for sale, or use of Sparsha's generic product prior to the expiration of the '454 patent would infringe the '454 patent under 35 U.S.C. § 271(a), and/or Sparsha would induce the infringement of the '454 patent under 35 U.S.C. § 271(b).

35.    On information and belief, if the Sparsha ANDA is approved, Sparsha will make, offer for sale, import, sell, or otherwise distribute Sparsha's generic product in the United States, including in the State of California, directly infringing the '454 patent.

COMPLAINT FOR PATENT INFRINGEMENT

36.     In addition, on information and belief, Sparsha will encourage acts of direct infringement with knowledge of the '454 patent and knowledge that it is encouraging infringement. Sparsha's conduct would intentionally actively induce the infringement of the '454 patent.

37.     Accordingly, unless enjoined by this Court, upon FDA approval of ANDA No. 220812, Sparsha will make, use, offer to sell, or sell Sparsha's generic product within the United States, or will import Sparsha's generic product into the United States, and will induce the infringement of the '454 patent.

38.     Sparsha had actual knowledge of the '454 patent prior to submitting Sparsha's ANDA and was aware that the submission of Sparsha's ANDA with the request for FDA approval prior to the expiration of the '454 patent would constitute an act of infringement of the '454 patent.

39.     Plaintiffs will be irreparably harmed if Sparsha is not enjoined from infringing the '454 patent. Plaintiffs do not have an adequate remedy at law and, considering the balance of hardships between Plaintiffs and Sparsha, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

40.     Plaintiffs are entitled to the relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the FDA set the effective date of approval for ANDA No. 220812 to be a date which is not any earlier than the expiration date of the '454 patent, including any extensions of that date.

## COUNT II

**Declaratory Judgment of Infringement of the '454 Patent Under 35 U.S.C. § 271(a) and/or (b)**

41.     Plaintiffs incorporate by reference all foregoing paragraphs as though fully set forth herein.

42.     Plaintiffs' claims also arise under the Declaratory Judgment Act, 28 U.S.C. § 2201 and 2202.

43.     On information and belief, Sparsha has submitted or caused the submission of the Sparsha ANDA to FDA and continues to seek FDA approval of Sparsha's ANDA.

44.     Plaintiffs own all rights, title, and interest in and to the '454 patent.

45.     On information and belief, Sparsha's commercial manufacture of Sparsha's generic product before the expiration of the '454 patent would infringe one or more claims of the '454 patent, including, but not limited to, claim 6.

7

COMPLAINT FOR PATENT INFRINGEMENT

46.    On information and belief, if the Sparsha ANDA is approved, Sparsha will make, offer for sale, import, sell, or otherwise distribute Sparsha's generic product in the United States, including in the State of California, directly infringing the '454 patent.

47.    On information and belief, Sparsha's infringing activity, including the importation, manufacture, sale, offer for sale, or use of Sparsha's generic product prior to the expiration of the '454 patent will begin immediately after the FDA approves Sparsha's ANDA. Any such conduct before the '454 patent expires will infringe and/or induce the infringement of one or more claims of the '454 Patent under one or more of 35 U.S.C. § 271(a) and/or (b).

48.    In addition, on information and belief, Sparsha will encourage acts of direct infringement with knowledge of the '454 patent and knowledge that it is encouraging infringement. Sparsha's conduct would intentionally actively induce and/or contribute to the infringement of the '454 patent.

49.    Sparsha had actual knowledge of the '454 patent prior to submitting Sparsha's ANDA and were aware that the submission of Sparsha's ANDA with the request for FDA approval prior to the expiration of the '454 patent would constitute an act of infringement of the '454 patent.

50.    As a result of the foregoing facts, there is a real, substantial and continuing justiciable controversy between Plaintiffs and Sparsha concerning liability for the infringement of the '454 patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

## COUNT III

### Infringement of the '216 Patent Under 35 U.S.C. § 271(e)(2)

51.    Plaintiffs incorporate by reference all foregoing paragraphs as though fully set forth herein.

52.    On information and belief, Sparsha has submitted or caused the submission of the Sparsha ANDA to FDA and continues to seek FDA approval of the Sparsha ANDA.

53.    Plaintiffs own all rights, title, and interest in and to the '216 patent.

54.    On information and belief, Sparsha's generic product is covered by one or more claims of the '216 patent, including, but not limited to, claim 1.

55.    By filing ANDA No. 220812 under 21 U.S.C. § 355(j) for the purposes of obtaining approval to engage in the commercial manufacture, use, sale, and/or importation of Sparsha's generic

8

COMPLAINT FOR PATENT INFRINGEMENT

product prior to the expiration of the '216 patent, Sparsha has committed an act of infringement of at least claim 1 of the '216 patent under 35 U.S.C. § 271(e)(2).

56. On information and belief, the importation, manufacture, sale, offer for sale, or use of Sparsha's generic product prior to the expiration of the '216 patent would infringe the '216 patent under 35 U.S.C. § 271(a), and/or Sparsha would induce the infringement of the '216 patent under 35 U.S.C. § 271(b).

57. On information and belief, if the Sparsha ANDA is approved, Sparsha will make, offer for sale, import, sell, or otherwise distribute Sparsha's generic product in the United States, including in the State of California, directly infringing the '216 patent.

58. In addition, on information and belief, Sparsha will encourage acts of direct infringement with knowledge of the '216 patent and knowledge that it is encouraging infringement. Sparsha's conduct would intentionally actively induce the infringement of the '216 patent.

59. Accordingly, unless enjoined by this Court, upon FDA approval of ANDA No. 220812, Sparsha will make, use, offer to sell, or sell Sparsha's generic product within the United States, or will import Sparsha's generic product into the United States, and will induce the infringement of the '216 patent.

60. Sparsha had actual knowledge of the '216 patent prior to submitting Sparsha's ANDA and was aware that the submission of Sparsha's ANDA with the request for FDA approval prior to the expiration of the '216 patent would constitute an act of infringement of the '216 patent.

61. Plaintiffs will be irreparably harmed if Sparsha is not enjoined from infringing the '216 patent. Plaintiffs do not have an adequate remedy at law and, considering the balance of hardships between Plaintiffs and Sparsha, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

62. Plaintiffs are entitled to the relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the FDA set the effective date of approval for ANDA No. 220812 to be a date which is not any earlier than the expiration date of the '216 patent, including any extensions of that date.

## COUNT IV

**Declaratory Judgment of Infringement of the '216 Patent Under 35 U.S.C. § 271(a) and/or b**

63.    Plaintiffs incorporate by reference all foregoing paragraphs as though fully set forth herein.

64.    Plaintiffs' claims also arise under the Declaratory Judgment Act, 28 U.S.C. § 2201 and 2202.

65.    On information and belief, Sparsha has submitted or caused the submission of the Sparsha ANDA to FDA and continues to seek FDA approval of Sparsha's ANDA.

66.    Plaintiffs own all rights, title, and interest in and to the '454 patent.

67.    On information and belief, Sparsha's commercial manufacture of Sparsha's generic product before the expiration of the '216 patent would infringe one or more claims of the '216 patent, including, but not limited to, claim 1.

68.    On information and belief, if the Sparsha ANDA is approved, Sparsha will make, offer for sale, import, sell, or otherwise distribute Sparsha's generic product in the United States, including in the State of California, directly infringing the '216 patent.

69.    On information and belief, Sparsha's infringing activity, including the importation, manufacture, sale, offer for sale, or use of Sparsha's generic product prior to the expiration of the '216 patent will begin immediately after the FDA approves Sparsha's ANDA. Any such conduct before the '216 patent expires will infringe and/or induce the infringement of one or more claims of the '216 Patent under one or more of 35 U.S.C. § 271(a) and/or (b).

70.    In addition, on information and belief, Sparsha will encourage acts of direct infringement with knowledge of the '216 patent and knowledge that it is encouraging infringement. Sparsha's conduct would intentionally actively induce and/or contribute to the infringement of the '216 patent.

71.    Sparsha had actual knowledge of the '216 patent prior to submitting Sparsha's ANDA and were aware that the submission of Sparsha's ANDA with the request for FDA approval prior to the expiration of the '216 patent would constitute an act of infringement of the '216 patent.

72.    As a result of the foregoing facts, there is a real, substantial and continuing justiciable controversy between Plaintiffs and Sparsha concerning liability for the infringement of the '216 patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

10

COMPLAINT FOR PATENT INFRINGEMENT

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter:

A.      A judgment that Sparsha has infringed U.S. Patent Nos. 9,687,454 and 11,135,216 under 35 U.S.C. § 271(e)(2) by submitting and maintaining ANDA No. 220812;

B.      A declaratory judgment that Sparsha's commercial manufacture within the United States of Sparsha's generic product would infringe each of the patents-in-suit under 35 U.S.C. § 271;

C.      Preliminary and permanent injunctions, restraining and enjoining Sparsha, their officers, agents, attorneys, affiliates, divisions, successors and employees, and those acting in activity or concert with them, from engaging in, causing, or inducing the commercial manufacture, use, offer to sell, or sale within the United States, or importation into the United States, of drugs and formulations, or from inducing and/or encouraging the use of methods, claimed in the patents-in-suit;

D.      An order that the effective date of any approval of ANDA No. 220812 be a date that is not earlier than the expiration of the patents-in-suit, including any extensions thereof and any later expiration of exclusivity associated with the patents-in-suit;

E.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiffs their reasonable attorneys' fees;

F.      A judgment granting Plaintiffs compensatory damages in an amount to be determined at trial including both pre-judgment and post-judgment interest if Sparsha commercially manufactures, uses, offers to sell, or sells in the United States, or imports into the United States, Sparsha's generic product before the expiration of the patents-in-suit, including any extensions; and

G.      Any and all other relief as the Court deems just and proper.

DATED this 24th day of April 2026.

*/s/ Ali Mojibi*
Ali Mojibi
Jeffrey B. Elikan (DC Bar #465730) (*pro hac vice motion to be filed*)
Jeffrey H. Lerner (DC Bar #493671) (*pro hac vice motion to be filed*)

11

COMPLAINT FOR PATENT INFRINGEMENT

Elaine H. Nguyen (DC Bar #1780756) (*pro hac vice motion to be filed*)
COVINGTON & BURLING LLP

*Counsel for Plaintiffs Indivior Inc. and Indivior UK Limited*

COMPLAINT FOR PATENT INFRINGEMENT